# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 97-40993
Summary Calendar

---

ALBERT GONZALES,

Petitioner-Appellant,

versus

BUREAU OF PRISONS; JANET RENO, U.S. Attorney
General; KATHLEEN HAWK, Director Bureau of Prisons;
N.L. CONNER, Warden, FCI, Texarkana; RUDY CHILDRESS,
Administrator FCI-S, Texarkana,

Respondents-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-998)

---

July 14, 1998

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Albert Gonzales appeals the dismissal of his 28 U.S.C. § 2241 application in

which he alleges that the Bureau of Prisons (BOP) used inaccurate information in

its records, including a notation in his presentence report regarding a prior Texas

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction for aggravated assault on a police officer, to make critical adverse decisions concerning his early release, community custody, and periodic furloughs.

Under 18 U.S.C. § 3621(e)(2)(B), the BOP has discretionary authority to grant a sentence reduction of up to one year to any prisoner convicted of a nonviolent offense who completes a drug abuse program.[1] As an exercise of that discretion, the BOP categorically has excluded certain classes of prisoners from receiving sentence reductions under section 3621(e)(2), including all prisoners who have prior convictions for aggravated assault.[2]

The BOP found Gonzales ineligible for a sentence reduction because their records reflected that he had a prior conviction for aggravated assault on a police officer. Gonzales, however, maintained in his section 2241 application that his aggravated assault charge did not result in a final "conviction" because the charge was dismissed upon his successful discharge from probation. The district court, however, did not address that claim. If Gonzales' claim is meritorious, then he may otherwise be eligible for a sentence reduction under section 3621(e)(2).[3] If Gonzales is otherwise eligible for a sentence reduction, the BOP would have to

---

[1] **Wottlin v. Fleming**, 136 F.3d 1032 (5th Cir. 1998).

[2] 28 C.F.R. § 550.58(a)(1)(iv).

[3] See § 550.58. We express no opinion regarding the merits of Gonzales' argument.

2

decide, in its discretion, whether to grant same.[4]

The district court dismissed Gonzales' suit with prejudice after concluding that he did not have a protected liberty interest in early release. Although the district court correctly pointed out that prisoners do not have a protected liberty interest in receiving a sentence reduction for successful completion of a drug abuse program,[5] it did not address all of the issues that Gonzales raised in his section 2241 application. The thrust of Gonzales' position was that erroneous information in the BOP's records, including the notation in his presentence report regarding a 1971 Texas aggravated assault conviction, was being used by the BOP to make adverse determinations against him concerning early release, community custody, and periodic furloughs. Gonzales also contends that the BOP violated its statutory duty under the Privacy Act[6] to maintain accurate records. These contentions were not addressed in the trial court. They are not patently, facially frivolous and warrant appropriate consideration.

Therefore, we VACATE the judgment and REMAND for further proceedings consistent herewith.

---

[4] See § 3621(e)(2)(B); **Wottlin**, 136 F.3d at 1035.

[5] **Venegas v. Henman**, 126 F.3d 760 (5th Cir. 1997), cert. denied, 118 S.Ct. 1679 (1998); **Wottlin**, 136 F.3d at 1036.

[6] 5 U.S.C. § 552a.